# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

JULIE SZULCZEWSKI,

    Plaintiff,

v.

COX MEDIA GROUP, LLC, and
WSOC TELEVISION, LLC D/B/A WSOC-TV,

    Defendants.

Case No. 3:19-cv-00479-GCM

## CONSENT PROTECTIVE ORDER

The parties move the Court for entry of this Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1.    <u>General Scope of the Agreement</u>. This Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and the Defendants in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Order. The following documents and/or information may be designated as "Confidential" or "Attorneys Eyes Only" pursuant to this Order: (a) medical records

or other health-related information; (b) personal information, including but not limited to: social security numbers, financial and tax records, personnel records, employment benefits, educational records, dates of birth, and health insurance information; and (c) confidential or proprietary business and personal information, including but not limited to, income tax returns, balance sheets, profit and loss statements, customer information, and sales and commissions rates, plans, and structures.

      2.      <u>Designation as Confidential or Attorney Eyes Only.</u>

(a) Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential" on each and every page of a disclosed document and on all copies in a manner that will not interfere with the legibility of the document, and in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein. To the extent documents are produced in native format, it shall be sufficient to include the term "CONFIDENTIAL" in the file name for the document and to include an associated placeholder document bearing the term "Confidential."

(b) Certain confidential information may be so sensitive to either the privacy or business interest of a party or third party that it could potentially cause irreparable harm and damage to the disclosing party if that information were to be revealed. Accordingly, any party producing information of any nature to another party, to the Court, or at a deposition in connection with this

- 2 -

Case 3:19-cv-00479-GCM   Document 32   Filed 04/07/21   Page 2 of 10

litigation, may designate as "Confidential - Attorney's Eyes Only" on each and every page of a disclosed document and on all copies in a manner that will not interfere with the legibility of the document, and in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein. To the extent documents are produced in native format, it shall be sufficient to include the term or phrase "CONFIDENTIAL - ATTORNEY'S EYES ONLY" in the file name for the document and to include an associated placeholder document bearing the term or phrase "Confidential - Attorney's Eyes Only."

3. <u>Procedure for Designating Information as Confidential or Confidential - Attorney's Eyes Only.</u> Parties may designate confidential materials in the following manner:

(i) In the case of documents or other written materials, by affixing to each page of every such document, or in the case of native files, appending to the filename of every such document, at the time of production, the word or phrase "Confidential" or "Confidential - Attorney's Eyes Only" by stamp or other method which will make the word conspicuous;

(ii) In the case of answers to interrogatories, designation shall be made by placing the word or phrase "Confidential" or "Confidential - Attorney's Eyes Only" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately

and marked with the word or phrase "Confidential" or "Confidential - Attorney's Eyes Only";

(iii) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

4. <u>Restricted Use of Information.</u>

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

(v) by mutual consent.

(b) Documents/information designated as "Confidential - Attorney's Eyes Only" pursuant to paragraphs 1 through 3 of this Order shall not be disclosed to any person except the following individuals:

    (i)    the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

    (ii)    counsel for the parties, their staff members, their professional and para-professional employees;

    (iii)    any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action, subject to and in compliance with a substantially similar form as Exhibit A; or

    (iv)    by mutual consent.

5.    <u>Acknowledgment of Agreement.</u> All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6.    <u>Inadvertent Disclosure.</u> In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential" or "Confidential - Attorney's Eyes Only", the party may designate such materials as "Confidential" or "Confidential - Attorney's Eyes Only" by notifying counsel of the error and producing the documents again, with the

"Confidential" or "Confidential - Attorney's Eyes Only" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" or "Confidential - Attorney's Eyes Only" when they were first produced.

7. <u>Use of Confidential Materials in this Case.</u>  Nothing in this Agreement shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. If any confidential material is filed with the Court, counsel filing the confidential material may file it under seal in accordance in accordance with this Order and pursuant to Rule 6.1 of the Local Rules Governing Civil Cases.

8. <u>Challenging Confidentiality.</u>  Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party. In the event that an objection is raised or a dispute arises, Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph, except to the Court for in camera review as necessary to reach a decision on the disposition of any dispute brought before it.

- 6 -

Case 3:19-cv-00479-GCM   Document 32   Filed 04/07/21   Page 6 of 10

9. <u>Right to Object.</u> Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

10. <u>Disclosure.</u>

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

11. <u>Modification of the Agreement.</u> In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

12. <u>Protection of Copies.</u>  All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Agreement as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

13. <u>Obligations Upon Termination of Litigation.</u>  Within thirty (30) days after the final termination of this action, each party, upon request of the other party, shall either return to the producing party, or destroy, all documents or information received from the other party and designated under this Order.

14. <u>Notices.</u>  Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

15. <u>Effective Date.</u> This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.**

**SO ORDERED**.

*[Signature]*

Graham C. Mullen
United States District Judge

AGREED TO BY:

| | |
|---|---|
| */s/ Christine A. Rodriguez* | */s / Honore N. Hishamunda* |
| Christine A. Rodriguez | Alex S. Drummond* |
| N.C. State Bar No. 54143 | Georgia Bar No. 231116 |
| christine@crodriguez.com | adrummond@seyfarth.com |
| LAW OFFICE OF | Honore N. Hishamunda |
| CHRISTINE A. RODRIGUEZ | North Carolina Bar No. 49673 |
| 15720 Brixham Hill Avenue | hhishamunda@seyfarth.com |
| Suite 310 | SEYFARTH SHAW LLP |
| Charlotte, NC 28277 | 1075 Peachtree Street, N.E., Suite 2500 |
| Telephone: (704) 981-1767 | Atlanta, Georgia 30309-3958 |
| Facsimile: (888) 349-2932 | Telephone: (404) 885-1500 |
| | Facsimile: (404) 892-7056 |

*Counsel for Plaintiff*

\* Admitted Pro Hac Vice

*Counsel for Defendants*

# EXHIBIT A
# UNDERTAKING AGREEMENT

I, _____, hereby acknowledge that I have been provided with a copy of and read the Consent Protective Order (the "Order") entered in Case No. 3:19-cv-00479-GCM in the United States District Court of the Western District of North Carolina, Charlotte Division (the "Court"), and that I understand the terms, conditions, and restrictions it imposes on any person given access to "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

I will not disclose "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the Court, with respect to any proceedings relative to the enforcement of the Order.

Dated this ___ day of _____, 202_.

_____
Printed Name

_____
Signature

_____
Business or Home Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Job Title/Description

- 10 -

Case 3:19-cv-00479-GCM   Document 32   Filed 04/07/21   Page 10 of 10